IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Richard Canter,** | : |
| -and- | : |
| **Kelly Basilio**, | : |
| Individually and on behalf of other members of the general public similarly situated, | : Civil Action No. 2:23-cv-923 <br><br> : JUDGE <br><br> : MAGISTRATE JUDGE |
| Plaintiffs, | : **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| v. | : |
| **Family Service Providers, LLC** <br> 1763 Harrisburg Pike <br> Columbus, OH 43223. | : **JURY DEMAND ENDORSED HEREON** |
| Defendant. | : |

Now comes Plaintiffs Richard Canter and Kelly Basilio (collectively "Named Plaintiffs" or "Plaintiffs"), individually and on behalf of other members of the general public similarly situated, for their Complaint against Family Service Providers, LLC ("Defendant" or "Defendant FSP"). Named Plaintiffs seek all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.01, 4111.03, 4111.08, and 4111.10 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The claims under the FLSA are brought as a collective action pursuant to 29

1

U.S.C. § 216(b); the claims pursuant to O.R.C. §§ 4111.01, 4111.03, 4111.08, 4111.10 and the OPPA are brought as a class action pursuant to Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Named Plaintiffs' own conduct and are made on information and belief as to the acts of others. Named Plaintiffs, individually and on behalf of others similarly situated, hereby state as follows:

**I.      JURISDICTION AND VENUE**

1. This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. § 1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant employed Named Plaintiffs and others similarly situated in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, and Defendant has done substantial business in the Southern District of Ohio.

**II.     PARTIES**

4. All of the preceding paragraphs are realleged as if fully rewritten herein.

5. Named Plaintiff Richard Canter ("Named Plaintiff Canter") is an individual, a United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

6. Named Plaintiff Canter was employed as an hourly, non-exempt employee by Defendant from approximately July of 2022 until November of 2022.

7. Named Plaintiff Kelly Basilio ("Named Plaintiff Basilio") is an individual, a United States citizen, and a resident of the State of Ohio living in the Southern District of Ohio.

8. Named Plaintiff Basilio was employed as an hourly, non-exempt employee by Defendant from approximately January of 2019 until September of 2022.

9. At all times relevant herein, Named Plaintiffs were employees of Defendant as defined in the FLSA and the Ohio Acts.

10. Named Plaintiffs were hourly, non-exempt employees of Defendant at all times relevant as defined in the FLSA and the Ohio Acts.

11. Named Plaintiffs bring this action on their own behalf and on behalf of those similarly situated and have given their written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. Named Plaintiffs' consents are being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). *Consents to be Party Plaintiff*, attached hereto as **Exhibit A**.

12. At all times relevant to this action, Defendant has been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

13. Upon information and belief, Defendant had annual gross volume sales and/or business in an amount not less than $500,000.00.

14. During all relevant times, Defendant suffered and permitted Named Plaintiffs and those similarly situated to work more than forty (40) hours per workweek while not compensating them for all such hours worked over forty (40) at a rate of at least one-and-one-half times (1.5x) their regular rates of pay.

15. Defendant is in possession and control of necessary documents and information from which Named Plaintiffs would be able to precisely calculate damages.

16. Defendant FSP is a domestic limited liability company with its principal place of business in the Southern District of Ohio. Defendant FSP operates a home care staffing agency of direct care workers for those who need in-home assistance.

17. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio as well as recordkeeping laws of the State of Ohio.

18. During relevant times, Defendant had knowledge of and acted willfully in regard to its conduct described herein.

### III. FACTUAL ALLEGATIONS

19. During their employment with Defendant, Named Plaintiffs worked as Home Health Aides ("HHA"). Named Plaintiffs' primary duties included providing companionship services, domestic services, home care, and other in-home services.

20. Named Plaintiff Basilio began working for Defendant as a HHA in 2019 and was initially compensated at a regular hourly rate of $11.00.

21. Named Plaintiff Canter began working for Defendant as a HHA in 2022 and was initially compensated at a regular hourly rate of $11.00.

22. Named Plaintiffs regularly worked more than forty (40) hours per week for Defendant but were not paid one-and-one-half times (1.5x) their regular rate of pay for all hours worked over forty (40). *See* FLSA of 1938, §13(a)(15), 29 U.S.C. §213(a)(15), (21); 29 C.F.R. §552.109(a), (c), 552.6.

    **A.** **Defendant Failed to Pay Named Plaintiffs and Similarly Situated Employees for Travel Time Between Worksites During Their Workdays and for All Hours Worked Resulting in Unpaid Overtime Wages.**

23. Defendant failed to compensate Named Plaintiffs and other similarly situated employees for travel time, including but not limited to travel between patients, even though they regularly worked at more than one patient each workday.

24. Named Plaintiffs and other similarly situated hourly employees frequently traveled throughout their workdays, attending to multiple patients at different locations each workday.

25. Defendant was aware of the daily travel, but nonetheless failed to compensate Named Plaintiffs and other similarly situated employees for such travel time.

26. Defendant was additionally aware of other off-the-clock work performed by Named Plaintiffs and other similarly situated employees and also failed to track and pay for such work performed.

27. By way of example, certain employees would provide medication to Defendant's patients while off-the-clock because other employees did not have the proper certification to administer such medications. At other times, Named Plaintiffs and other similarly situated employees would provide other off-the-clock care and/or perform off-the-clock work for Defendant yet not have such work tracked with their weekly hours for purposes of overtime wage calculations.

28. As a result of failing to compensate Named Plaintiffs and other similarly situated employees for their travel time and other off-the-clock work, Defendant failed to pay its employees overtime wages for all compensable hours worked.

**IV. COLLECTIVE AND CLASS ALLEGATIONS**

29. Named Plaintiffs bring their FLSA claim pursuant to Section 216(b) as a representative action on behalf of themselves and all other similarly situated employees of the opt-in collective, consisting of the following:

> **All current and former hourly employees of Defendant who were paid for 40 or more hours of work in one or more workweeks beginning 3 years prior to the filing of this Complaint and continuing through final disposition of this case (the "FLSA Collective" or the "FLSA Collective Members").**

30. Examples of employees that may be members of the FLSA Collective include but are not limited to direct support professionals, support specialists, caregivers, home health aides, aides, licensed nurse practitioners, hourly registered nurses, and other employees who provided similar companionship services, domestic services, home care, and other in-home services during their employment with Defendant.

31. This FLSA claim is brought as an "opt-in" collective action pursuant to Section 216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees under the FLSA. In addition to Named Plaintiffs, numerous FLSA Collective Members have been denied proper overtime compensation due to Defendant's companywide payroll policies and/or practices. Named Plaintiffs are representative of those other similarly situated employees and are acting on behalf of their interests as well as their own in bringing this action.

32. The identities of the FLSA Collective Members are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to Section 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

33. Named Plaintiffs bring their Ohio Wage Act claims pursuant to Rule 23 as a class action on behalf of themselves and all other members of the following class:

> **All current and former hourly employees of Defendant who were paid for 40 or more hours of work in one or more**

**workweeks beginning 2 years prior to the filing of this Complaint and continuing through final disposition of this case (the "Rule 23 Class" or the "Rule 23 Class Members").**

34. The Rule 23 Class similarly includes but is not limited to direct support professionals, support specialists, caregivers, home health aides, aides, licensed nurse practitioners, hourly registered nurses, and other employees who provided similar companionship services, domestic services, home care, and other in-home services during their employment with Defendant.

35. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

36. Named Plaintiffs are members of the Rule 23 Class, and their claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

37. Named Plaintiffs will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

38. Named Plaintiffs have no interest that is antagonistic to or in conflict with those interests of the Rule 23 Class that they have undertaken to represent.

39. Named Plaintiffs have retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

40. Questions of law and fact are common to the Rule 23 Class.

41. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to their non-exempt employees.

42. Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiffs and the Rule 23 Class as a whole.

43. Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

44. Questions of law and fact that are common to the Rule 23 Class include, but are not limited to, the following: (a) whether Defendant violated the Ohio Acts by failing to pay the Rule 23 Class for hours worked, including those in excess of forty hours per week; (b) whether Defendant kept accurate records of the amount of time the Rule 23 Class was working each day; (c) whether Defendant calculated the Rule 23 Class's overtime rate of pay as required by the Ohio Wage Act; (d) whether Defendant's violations of the Ohio Acts were knowing and willful; (e) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Named Plaintiffs and other members of the Rule 23 Class on account of Defendant's violations of the Ohio Acts; and (f) what amount of prejudgment interest is due to the Rule 23 Class Members for overtime or other compensation that was withheld or otherwise not paid to them.

45. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiffs' claim and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiffs and their counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members

to pursue individual litigation against the Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

46. All of the preceding paragraphs are realleged as if fully rewritten herein.

47. This claim is brought as part of a collective action by Named Plaintiffs on behalf of themselves and the FLSA Collective Members.

48. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week at one-and-a-half times (1.5x) their regular rates of pay for those overtime hours. 29 U.S.C. § 207(a)(1).

49. During the three (3) years preceding the filing of this Complaint, Defendant employed Named Plaintiffs and the FLSA Collective Members.

50. Named Plaintiffs and the FLSA Collective Members were paid on an hourly basis when working in non-exempt positions.

51. Named Plaintiffs and the FLSA Collective Members regularly worked in excess of forty (40) hours in a workweek.

52. Defendant violated the FLSA with respect to Named Plaintiffs and the FLSA Collective by, *inter alia*, failing to compensate them at one-and-one-half times (1.5x) their regular rates of pay for all hours worked over forty (40) hours in a workweek as a result of their FLSA-violating policies.

53. Named Plaintiffs and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

54. Defendant knowingly and willfully failed to pay Named Plaintiffs and the FLSA Collective Members all overtime wages that they were due.

55. The exact amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiffs and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were otherwise not kept by Defendant.

56. As a direct and proximate result of Defendant's conduct, Named Plaintiffs and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, pre- and post-judgment interest and attorneys' fees, and all other remedies available on behalf of themselves and the FLSA Collective Members.

**SECOND CAUSE OF ACTION:**
**O.R.C. 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME**

57. All of the preceding paragraphs are realleged as if fully rewritten herein.

58. This claim is brought under Ohio law.

59. Named Plaintiffs and the Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under Ohio law.

60. Ohio law requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (stating same).

61. While employed by Defendant, Named Plaintiffs and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under Section 4111.03 but were not paid at the overtime rate for all this time spent working.

62. As a result of Defendant's companywide corporate policies, they failed to pay Named Plaintiffs and the Rule 23 Class Members all overtime wages owed, resulting in unpaid overtime.

63. Named Plaintiffs and the Rule 23 Class Members were not exempt from the wage protections of Ohio law.

64. Defendant's repeated and knowing failure to pay all overtime wages owed to Named Plaintiffs were violations of Section 4111.03, and, as such, Defendant willfully withheld and failed to pay all overtime compensation to which Named Plaintiffs and the Rule 23 Class Members are entitled.

65. For Defendant's violations of Section 4111.03, Named Plaintiffs and the Rule 23 Class Members have suffered and continue to suffer damages. Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of themselves and the Rule 23 Class Members.

**THIRD CAUSE OF ACTION:**
**O.R.C. 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION**

66. All of the preceding paragraphs are realleged as if fully rewritten herein.

67. For the relevant time period, Named Plaintiffs and the Rule 23 Class Members have been employed by Defendant.

68. During relevant times, Defendant was covered by the OPPA, and Named Plaintiffs and the Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

69. The OPPA requires that Defendant pay all of Named Plaintiffs and the Rule 23 Class Members' wages, including unpaid overtime, (1) on or before the first day of each month for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and (2) on or before the fifteenth day of each month for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

70. During relevant times, Named Plaintiffs and the Rule 23 Class Members were not paid all wages, including overtime wages at one-and-one-half times (1.5x) their regular rates of pay, within thirty (30) days of performing work for Defendant. *See* O.R.C. § 4113.15(B).

71. Named Plaintiffs' and the Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled paydays.

72. In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of applicable Ohio law.

## FOURTH CAUSE OF ACTION: RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

73. All of the preceding paragraphs are realleged as if fully rewritten herein.

74. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08; *see also* 29 C.F.R. §§ 516.2, *et seq*. (stating same)

75. During all times material to this complaint, Defendant was a covered employer and was therefore required to comply with the Ohio Wage Act's mandates.

76. Named Plaintiffs and the Rule 23 Class Members were covered employees entitled to the protections of the Ohio Wage Act.

77. During times material to this complaint, Defendant violated the Ohio Wage Act with respect to Named Plaintiffs and the Rule 23 Class Members by failing to properly maintain accurate records of all hours that Named Plaintiffs and the Rule 23 Class Members worked each workday and within each workweek.

78. In violating the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiffs request judgment against Defendant, and for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to Section 216(b);

C. Certifying the proposed Rule 23 Class under Ohio law;

D. Finding that Defendant have failed to keep accurate records in accordance with the FLSA and Ohio law and that Named Plaintiffs, the FLSA Collective Members, and the Rule 23 Class Members are thus entitled to prove their hours worked with reasonable estimates;

E. Awarding to Named Plaintiffs and the FLSA Collective Members unpaid compensation, including overtime wages, as to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to Named Plaintiffs and the Rule 23 Class Members unpaid compensation, including overtime wages, as to be determined at trial together with any liquidated damages allowed by Ohio law;

G.  Awarding to Named Plaintiffs, the FLSA Collective Members, and the Rule 23 Class Members costs, disbursements, pre- and post-judgment interest, and reasonable allowances for fees of counsel and experts as well as reimbursement of other such expenses;

H.  Awarding to Named Plaintiffs, the FLSA Collective Members, and the Rule 23 Class Members such other and further relief as the Court deems just and proper;

I.  Issuing an injunction prohibiting Defendant from engaging in present, ongoing, and future violations of Ohio law;

J.  Granting to Named Plaintiffs leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

K.  Rendering a judgment against Defendant for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

*/s/ Peter Contreras*
Peter Contreras (0087530)
**CONTRERAS LAW, LLC**
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-787-4878
Fax: 614-957-7515
Email: peter.contreras@contrerasfirm.com

*Attorneys for Named Plaintiffs and those similarly situated*

## JURY DEMAND

Named Plaintiffs request a trial by a jury of eight (8) persons.

*/s/ Peter Contreras*
Peter Contreras (0087530)

Page **14** of **14**